Melendez, Michael A. (308984)
Name and Prisoner/Booking Number

ASPC Florence \ North Unit
Place of Confinement

P.O. Box 629
Mailing Address

Florence, AZ 85132
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

☑ FILED  ☐ LODGED
☐ RECEIVED  ☐ COPY

JAN 1 4 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Melendez, Michael Anthony,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Ryan, Charles – official & individual capacity,
(Full Name of Defendant)

(2) and others,

(3) _____,

(4) _____,

Defendant(s).

☑ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV19-00248-PHX-SRB--BSB
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
BY A PRISONER
Jury Trial Demanded

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

A.  JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2. Institution/city where violation occurred: ASPC Florence / Florence, AZ

Revised 3/11/16

1

550/555

(2) Kepney, R. — official & individual capacity

(3) John Doe (signed appeal on 12/10/2018 for Defendant Ryan) — official & individual capacity

(4) DW Smith-Whitson, A. — official & individual capacity

(5) ADW O'Brien, P. — official & individual capacity

(6) Cpt. Curtis — official & individual capacity

(7) Lt. Randolph — official & individual capacity

(8) Sgt. Rippey — official & individual capacity

(9) Sgt. Caldwell — official & individual capacity

(10) CO III Taylor — official & individual capacity

(11) CO III Sauceda — official & individual capacity

(12) CO II Bouldin — official & individual capacity

(13) CO II Navarro — official & individual capacity

(14) CO II Claridge — official & individual capacity

(1-a)

## B. DEFENDANTS

1. Name of first Defendant: Ryan, Charles . The first Defendant is employed as: Director of ADOC  at ADOC .
   (Position and Title)   (Institution)

2. Name of second Defendant: Kenney, R. . The second Defendant is employed as:
   as: Appeals Officer  at ADOC .
   (Position and Title)   (Institution)

3. Name of third Defendant: John Doe . The third Defendant is employed
   as: Signed 12/10/2018 Appeal for Defendant Ryan at ADOC .
   (Position and Title)   (Institution)

4. Name of fourth Defendant: Smith-Whitson, C. . The fourth Defendant is employed
   as: Deputy Warden  at ASPC Florence .
   (Position and Title)   (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ■ Yes    ☐ No

2. If yes, how many lawsuits have you filed? 2 . Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: Melendez, Michael G  v. Lopez, Monica
      2. Court and case number: Tucson Div. U.S. Courthouse; CV-18-00183-TUC-SRB
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Complaint accepted. U.S. Marshalls have complaint and summons to be served

   b. Second prior lawsuit:
      1. Parties: Melendez, Michael G  v. Corizon Medical, et. al.
      2. Court and case number: Phoenix Div. U.S. Courthouse; CV-18-02352-PCT-SRB (DSB)
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) pending; Plaintiff has filed no other lawsuits dealing with the same facts involved in this case

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

5. Name of fifth Defendant: O'Brien, P., Associate Deputy Warden at ASPC Florence.

The fifth Defendant is employed as:

6. Name of sixth Defendant: Cpt. Curtis. Discipline officer at ASPC Florence.

The sixth Defendant is employed as:

7. Name of seventh Defendant: Lt. Randolph. Shift Commander at ASPC Florence.

The Seventh Defendant is employed as:

8. Name of eighth Defendant: Sgt. Rippey. Shift supervisor at ASPC Florence.

The eighth Defendant is employed as:

9. Name of nineth Defendant: Sgt. Caldwell. Shift supervisor at ASPC Florence.

The nineth Defendant is employed as:

10. Name of tenth Defendant: CO III Taylor. WIPP officer at ASPC Florence.

The tenth Defendant is employed as:

11. Name of eleventh Defendant: CO III Sauceda. Discipline coordinator at ASPC Florence.

The eleventh Defendant is employed as:

12. Name of twelveth Defendant: CO II Bouldin. Correctional Officer at ASPC Florence.

The twelveth Defendant is employed as:

13. Name of thirteenth Defendant: CO II Navarro. Correctional officer at ASPC Florence.

The thirteenth Defendant is employed as:

(2-a)

14. Name of fourteenth Defendant: COII Claridge. The fourteenth Defendant is employed as: Correctional Officer at ASPC Florence.

## D.  CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>8th amendment</u>

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1) On October 20th, 2018, Defendant Navarro demonstrated deliberate indifference towards Plaintiff Melendez's health and safety when responding to Plaintiff Melendez refusing to work. Instead of following due process for discipline, Defendant Navarro stated to Plaintiff Melendez, "You will be going to the cages." Defendant Navarro contacted Defendant Rippey and requested Plaintiff Melendez be escorted to the "cages" (an outdoor enclosure, which isolates from the general population, and denies water and access to restrooms). Placing an inmate in the "cages" is a common practice by Defendant Navarro, and violates a serious policy rule, which was implemented due to the severe threat this poses to an inmate's health and safety.

   2) On October 20th, 2018, Defendant Rippey subjected Plaintiff Melendez to cruel and unusual punishment by placing Plaintiff Melendez into an outdoor enclosure, which isolates from the general population, and denies water and access to restrooms. This is a common practice by Defendant Rippey, and violates the department's discipline policy, and a policy rule that forbids this action due to the severe threat it poses to an inmate's health and safety. This demonstrates Defendant Rippey's deliberate indifference towards Plaintiff Melendez's health and safety.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). Plaintiff Melendez experienced cruel and unusual punishment by being subjected to prohibited conditions, which threaten an inmate's health and safety. The administration's deliberate indifference to this conduct created a culture to deny protection from cruel and unusual punishment, which caused Plaintiff Melendez to be greatly fearful of being harm.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

3) On October 20th, 2018, Defendant Randolph acted with deliberate indifference as a supervisor towards Plaintiff Melendez's health and safety. Defendant Randolph was aware of a subordinate, Defendant Rippey, subjecting Plaintiff Melendez to harsh conditions, and failed to correct the situation. This prohibited act is a common practice condoned by a culture Defendant Randolph allows to exist.

4) On October 20th, 2018, Defendant Randolph subjected Plaintiff Melendez to cruel and unusual punishment by after discriminating against a severe disability, placed Plaintiff Melendez into an outdoor enclosure, which isolates from the general population, and denies water and access to restrooms. This is a common practice by Defendant Randolph, and violates the department's discipline policy, and a policy rule that forbids this action due to the severe threat it poses to an inmate's health and safety. This demonstrates Defendant Randolph's deliberate indifference towards Plaintiff Melendez's health and safety.

5) On October 20th, 2018, Defendant Caldwell acted with deliberate indifference when witnessed Defendant Rippey subject Plaintiff Melendez to cruel and unusual punishment and failed to protect Plaintiff Melendez while having an obligation to do so. When Plaintiff Melendez requested a grievance form to address the harsh treatment, Defendant Caldwell laughed hysterically while stating, "this is a state prison, you have no say." This further demonstrates Defendant Caldwell's deliberate indifference towards Plaintiff Melendez's health and safety.

6) On October 20th, 2018, Defendant Bouldin acted with deliberate indifference when witnessed Defendant Rippey, and later Defendant Randolph, subject Plaintiff

(3-a)

Melendez to cruel and unusual punishment and failed to protect Plaintiff Melendez while having an obligation to do so. Defendant Bouldin gave a deceitful testimony to justify the prohibited act. This further demonstrates Defendant Bouldin's deliberate indifference towards Plaintiff Melendez's health and safety.

7) On October 24th, 2018, Plaintiff Melendez met with Defendant Sauceda concerning discipline. During this meeting, Defendant Sauceda was advised of the prohibited acts Plaintiff Melendez was subjected to for discipline, and was questioned why being disciplined again. Defendant Sauceda replied, "What they do over there has nothing to do with what I do over here." This act demonstrates Defendant Sauceda's deliberate indifference towards an obligation to protect Plaintiff Melendez from cruel and unusual punishment.

8) On November 6th, 2018, Plaintiff Melendez met with Defendant Curtis concerning discipline. During this meeting, Defendant Curtis was advised of the prohibited acts Plaintiff Melendez was subjected to for discipline. Defendant Curtis supported the prohibited acts. Defendant Curtis acted with deliberate indifference as a supervisor towards Plaintiff Melendez's health and safety by allowing a culture to exist that condones subordinates subjecting inmates to cruel and unusual punishment. Defendant Curtis demonstrated deliberate indifference towards an obligation to protect Plaintiff Melendez from cruel and unusual punishment.

9) On November 1st, 2018, Plaintiff Melendez advised Defendant O'Brien

(3-B)

of the experienced cruel and unusual punishment. Defendant O'Brien warned Plaintiff Melendez against proceeding with the complaint by the use of threats. This act demonstrates Defendant O'Brien's evil intent and deliberate indifference towards Plaintiff Melendez's health and safety. Defendant O'Brien demonstrated deliberate indifference as a supervisor by being made aware of the harsh treatment Plaintiff Melendez was subjected to and failed to address and correct the situation. Defendant O'Brien has allowed a culture to exist that condone's the violation of prisoners' rights and exposes prisoners to unnecessary, excessive risk to health and safety.

10) On November 13th, 2018, Plaintiff Melendez received Defendant Smith-Whitson's responses to several grievances concerning receiving cruel and unusual punish from staff members. Defendant Smith-Whitson's responses solely contained "cut and paste" statements, and did not address the concerns. No proper investigation was completed, and crucial material evidence was deliberately ignored. Defendant Smith-Whitson demonstrated deliberate indifference as a supervisor by being made aware of the cruel and unusual punishment Plaintiff Melendez was subjected to and failed to address and correct the situation. Defendant Smith-Whitson has allowed a culture to exist that condone's the violation of prisoners' rights and exposes prisoners to unnecessary, excessive risk to health and safety.

11) On December 13th, 2018, Plaintiff Melendez received responses to grievances concerning being subjected to cruel and unusual punishment. Defendant Kepney failed to investigate the complaint, but insisted the stance of the Deputy Warden, Defendant Smith-Whitson, is affirmed. Defendant Smith-Whitson failed to investigate or address the concerns in the complaint. Affirming

(3-C)

Defendant Smith-Whitson's decision is condoning deliberate indifference towards 'inmates' rights and safety. Defendant Kepney has demonstrated indifference as a supervisor by being made aware of the cruel and unusual punishment Plaintiff Melendez was subjected to and failed to properly address and correct the situation. Defendant Kepney has condoned a culture to exist that allows the violation of prisoners' rights and exposes prisoners to unnecessary, excessive risk to health and safety.

12) On December 13th, 2018, Plaintiff Melendez received responses to grievances concerning being subjected to cruel and unusual punishment. Defendant John Doe signed off for the Department of Corrections' Director, Defendant Ryan, making Defendant Kepney's determination official. Defendant Kepney failed to investigate the complaint, but insisted the stance of the Deputy Warden, Defendant Smith-Whitson, is affirmed. Defendant Smith-Whitson failed to investigate or address the concerns in the complaint. Affirming Defendant Smith-Whitson's decision is condoning deliberate indifference towards 'inmates' rights and safety. Defendant John Doe has demonstrated deliberate indifference as a supervisor by being made aware of the cruel and unusual punishment Plaintiff Melendez was subjected to and failed to properly address and correct the situation. Defendant John Doe has allowed a culture to exist that condones the violation of prisoners' rights and exposes prisoners to unnecessary, excessive risk to health and safety.

13) Defendant Ryan, Director of D.O.C., has the obligation to ensure the health and safety of the inmates, and ensure all subordinates

(3-I)

comply with all policies and laws. The wide spread of subordinates acting with deliberate indifference towards prisoners' rights and safety demonstrates a culture exists that condones these prohibited acts, which violate the constitution. Defendant Ryan has acted with deliberate indifference as a supervisor by allowing the aforementioned culture to exist.

(3-E)

# COUNT II

1. State the constitutional or other federal civil right that was violated: 14th amendment

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: Equal protection

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1) On October 17th, 2018, Defendant Taylor terminated Plaintiff Melendez from a yard & kitchen position. This action, which subjected Plaintiff Melendez to atypical treatment, was not justified and was not rationally related to a legitimate governmental purpose. This was an act of discrimination against Plaintiff Melendez by Defendant Taylor.

   2) On October 17th, 2018, Defendant Claridge contacted Defendant Taylor and requested Plaintiff Melendez be terminated from a position in yard & kitchen after missing work for the first time. This action was not rationally related to a legitimate governmental purpose, and subjected Plaintiff Melendez to atypical treatment, and demonstrates Defendant Claridge's discrimination against Plaintiff Melendez.

   3) On November 12th, 2018, Plaintiff Melendez received a response from Defendant Smith-Whitson to a submitted complaint regarding the atypical treatment from Defendant Taylor. In the response, Defendant Smith-Whitson supported Defendant Taylor's act of discrimination by attempting to justify the actions. Defendant Smith-Whitson's statements contradicts the justification of the acts, and supports Plaintiff Melendez's position of being discriminated against. Defendant Smith-Whitson is responsible as a supervisor due to acting with deliberate indifference towards Plaintiff Melendez's right of equal protection being

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Due to the discrimination Plaintiff Melendez was subjected to, Plaintiff Melendez lost an employment position that was conducive to a serious mental illness that is suffered from. This exposed Plaintiff Melendez to situations Plaintiff Melendez does not have the mental capability to function in, and resulted in unnecessary discipline to include having to serve a longer incarceration.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count II?  ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?  ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ____

4

violated. Defendant Smith-Whitson was made aware of the discrimination against Plaintiff Melendez and failed to properly address and correct the situation. Defendant Smith-Whitson's support of discrimination demonstrates a culture has been allowed to exist which condones acts that violate constitutional rights.

4) On December 13th, 2018, Plaintiff Melendez received responses to a grievance concerning being subjected to atypical treatment. Defendant Kepney failed to investigate the complaint, but insisted the stance of the Deputy Warden, Defendant Smith-Whitson, is affirmed. Defendant Smith-Whitson failed to investigate or address the concern properly in the complaint. Affirming Defendant Smith-Whitson's decision is condoning deliberate indifference towards inmates' right to equal protection. Defendant Kepney has demonstrated indifference as a supervisor by being made aware of the atypical treatment and discrimination Plaintiff Melendez was subjected to and failed to properly address and correct the situation. Defendant Kepney has condoned a culture that allows the violation of prisoners' rights and exposes prisoners to discrimination.

5) On December 13th, 2018, Plaintiff Melendez received a response to a grievance concerning being subjected to atypical treatment. Defendant John Doe signed off for the Department of Corrections' director, Defendant Ryan, making Defendant Kepney's determination official. Defendant Kepney failed to investigate the complaint, but insisted the stance of the Deputy Warden, Defendant Smith-Whitson, is affirmed. Defendant Smith-Whitson failed to investigate or properly address the concerns in the complaint. Affirming Defendant Smith-Whitson's decision is condoning deliberate indifference towards prisoners' right to equal protection. Defendant John Doe has demonstrated deliberate indifference

(4-a)

as a supervisor by being made aware of the atypical treatment and discrimination Plaintiff Melendez was subjected to and failed to properly address and correct the situation. John Doe has allowed a culture to exist that condones the violation of constitutional rights and exposes prisoners to discrimination.

6) Defendant Ryan, Director of D.O.C., has the obligation to ensure the equal protection of all inmates, and ensure all subordinates comply with all policies and laws. The wide spread of subordinates acting against policy and with deliberate indifference towards prisoners' rights demonstrates a culture exist that condones prohibited acts which violate constitutional rights. Defendant Ryan has acted with deliberate indifference as a supervisor by allowing the aforementioned culture to exist.

## COUNT III

1. State the constitutional or other federal civil right that was violated: __14th amendment__

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☒ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1) On October 20th, 2018, Defendant Navarro violated Plaintiff Melendez's right to discipline due process when disciplining for failure to show for work. Instead of following the discipline due process policy, Defendant Navarro stated to Plaintiff Melendez, "You will be going to the cages." Defendant Navarro contacted Defendant Rippey and requested Plaintiff Melendez be escorted to the "cages" (an outdoor enclosure used to discipline inmates, and isolates from the general population). Placing an inmate in the "cages" is prohibited by policy, and does not afford a prisoner the right to due process.

   2) On October 20th, 2018, Defendant Rippey violated Plaintiff Melendez's right to discipline due process by placing Plaintiff Melendez in the "cages" (an outdoor enclosure used to discipline inmates, and isolates from the general population) in response to Plaintiff Melendez not showing for work. This act by Defendant Rippey denied Plaintiff Melendez the right to due process, and is an act prohibited by policy.

   3) On October 20th, 2018, Defendant Randolph acted with deliberate indifference as a supervisor towards Plaintiff Melendez's right to discipline due process. Defendant Randolph .

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Plaintiff Melendez was denied the right to due process. This subjected Plaintiff Melendez to be disciplined on seperate occasions for the same incident, with the use of prohibited punishment, and the lost of "good time." Plaintiff Melendez was denied the right to appeal the discipline decision.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count III?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

5

was aware of a subordinate, Defendant Rippey, subjecting Plaintiff Melendez to discipline prohibited by policy, and without due process. Defendant Randolph failed to correct the situation, and allowed a culture to exist that violated Plaintiff Melendez's right to due process when being disciplined.

4) On October 20th, 2018, Defendant Randolph violated Plaintiff Melendez's right to discipline due process by placing Plaintiff Melendez in the "cages" (an outdoor enclosure used to discipline inmates, and isolates from the general population) for a second time in response to Plaintiff Melendez not showing for work. This act by Defendant Randolph denied Plaintiff Melendez the right to due process, and is an act prohibited by policy.

5) On November 6th, 2018, Defendant Curtis disciplined Plaintiff Melendez a second time for the same infraction, despite being advised discipline has already occurred on October 20th, 2018. The discipline policy does not authorize continual punishment to an inmate for the same offense. Defendant Curtis subjected Plaintiff Melendez to excessive discipline and against policy.

6) On November 6th, 2018, Defendant Curtis demonstrated deliberate indifference as a supervisor towards Plaintiff Melendez's right to due process when advised Plaintiff Melendez was subjected to discipline without due process, and by a prohibited act, then chose to support this prohibited act. Defendant Curtis' deliberate indifference allowed a culture to exist that condones discipline without due process, and with acts prohibited by policy.

7) On November 9th, 2018, Plaintiff Melendez submitted an appeal to a discipline decision. This appeal was never addressed. The refusal to address the appeal demonstrates Defendant Curtis'

(5-a)

deliberate indifference towards Plaintiff Melendez's right to due process.

3) Ruling on this count will not interfere with or decrease Plaintiff Melendez's incarceration time, as Plaintiff Melendez will be released by March 11th, 2019, well before any decision would be made.

(S-B)

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff Melendez requests an order declaring the Defendants have acted in violation of the United States Constitution.

Plaintiff Melendez requests no less than $1,500,000 as compensatory damages and punitive damages, plus additional relief as the court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 7th, 2019
DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.